1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11   In re DEEP VEIN THROMBOSIS            MDL Docket No 04-1606 VRW
     LITIGATION
12                                                ORDER
     <u>This Document Relates To:</u>
13
     Rietschel v US Airways, Inc, No
14   01-3444
     _____/
15
16
17          In this Deep Vein Thrombosis ("DVT") case, plaintiff

18   Ernst-Wilhelm Rietschel ("Rietschel") bases his claim on a two-hour

19   ground delay before a flight from Philadelphia to Frankfurt

20   operated by defendant US Airways, during which time Rietschel was

21   allegedly kept seated and not offered drinks.  Several days after

22   the flight, Rietschel was diagnosed with DVT.  On August 2, 2007,

23   US Airways moved for summary judgment.  Doc ##645, 646 in No 04-

24   1606.  On October 12, 2007, the court denied US Airways's motion

25   for summary judgment, holding that a reasonable jury could find the

26   two elements needed to hold US Airways liable under the applicable

27   law (see <u>Air France v Saks</u>, 470 US 392, 405-406 (1985)): that the

28   alleged two-hour confinement without water constituted an accident

1  and that the confinement was a link in the causal chain leading to

2  Rietschel's injury.  Doc #65 in No 01-3444 at 29, 31.  On December

3  5, 2007, US Airways moved for leave to file a motion for

4  reconsideration.  For reasons discussed below, US Airways's motion

5  is DENIED.

6        Under Civil Local Rule 7-9, to bring a motion for

7  reconsideration US Airways must show one of the following:  (1)

8  that a material difference in fact or law exists, which was not

9  presented to the court previously due to no fault of plaintiff; (2)

10  that a material change in fact or law has occurred since the order

11  was filed; or (3) that there was a manifest failure by the court to

12  consider material facts or dispositive legal arguments previously

13  presented by plaintiff.  Civ L R 7-9(b).  US Airways argues that it

14  is entitled to file a motion for reconsideration because the court

15  manifestly failed to consider material facts and dispositive legal

16  arguments by relying on the declaration of John H Scurr, M D

17  ("Scurr"), an expert in DVT.  Doc #70 in No 01-3444 at 4.

18        The challenged evidence is Scurr's declaration that

19  "pressure of the back of the calfs [sic] and back of the knee from

20  seats has also been implicated in the development of deep vein

21  thrombosis."  In denying summary judgment, the court concluded that

22  a reasonable jury could find that the two-hour confinement was a

23  link in the causal chain leading to Rietschel's injury.  US Airways

24  argues first that the court failed to address earlier objections to

25  Scurr's declaration.  Doc #406 in No 04-1606 at 6.  These

26  objections were to Scurr's qualification to opine about the

27  procedures that air carriers could adopt – not to his qualification

28  to opine about the causes of DVT.  The earlier objections to

2

Scurr's declaration are immaterial to the evidence the court relied upon here. The remainder of US Airways's arguments are also immaterial; basically, US Airways argues that Scurr did not specifically state the cause of Rietschel's injury and that, if he did, the evidence would be inadmissible because Scurr never examined Rietschel. That may be, but the evidence that the court relied on in denying summary judgment was Scurr's statement about the general causes of DVT. From that evidence, the court held, a reasonable jury could find that the two-hour confinement was a cause of Rietschel's injury.

US Airways has failed to show that the court manifestly failed to consider material facts or dispositive legal arguments that were presented to it in support of summary judgment. US Airways's motion for leave to file a motion for reconsideration is DENIED.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge